

# NUMBER 13-11-00610-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAYMOND TAMEZ,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Rose Vela**

A jury found appellant, Raymond Tamez, guilty of possessing one gram or more but less than four grams of cocaine, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2010). The trial court assessed punishment at seven years' imprisonment but suspended the sentence and placed him on community supervision for five years. Appellant's sole argument is that the evidence is insufficient

to prove he possessed the cocaine.  We affirm.

## I. FACTUAL BACKGROUND

### A. State Evidence

On December 3, 2010, Officer Ronald Zirbes was monitoring Padre Staples Mall when he saw appellant's van "parked crooked" and away from other vehicles in the mall's parking lot.  Upon closer inspection, he saw that the door on the driver's side of the van was open.  Appellant, who was seated in the driver's seat, appeared to be "rifling through things."  Officer Zirbes noticed a Marlboro cigarette box in appellant's hand.  Upon seeing the officer, appellant made a "furtive movement downward."  Based on his fifteen years' experience on the force, Officer Zirbes believed there might be a weapon or drugs present.  In response to appellant's nervous behavior, Officer Zirbes asked him to exit the van and walk to the back of the van.  Officer Zirbes testified appellant appeared to be nervous and kept asking to go back in the van.  After other officers arrived, Officer Zirbes tried to identify appellant.  However, appellant did not have any identification with him.  After appellant gave Officer Zirbes permission to search the van, Officer Zirbes went straight to the location where appellant had made the previous quick movement and discovered the cigarette pack.  The pack did not contain any cigarettes; rather, it contained a white powdery substance, which appeared to be cocaine.  After finding the substance, Officer Zirbes arrested appellant.  Officer Zirbes described appellant's demeanor as remorseful and testified that appellant said he "just made a mistake."  After appellant was in handcuffs, his wife and son approached the scene.  Appellant was identified as the only person who had access to the contraband in

2

the van.

Officer Harry Villarreal testified that a field test performed on the substance seized from appellant's van tested positive for narcotics. Accordingly, the substance was sent to the Texas Department of Public Safety ("DPS") crime lab for further testing. Ruben Rendon, a chemist for the DPS lab, identified the substance in question as cocaine, weighing 1.81 grams without packaging.

### B. Defense Evidence

Appellant testified that on the day in question, he dropped his wife and son off at the mall to visit Santa Claus. Afterwards, he went to pick up a friend, Fernando Jimenez,[1] who had called him earlier in the day for a ride. Appellant dropped Jimenez off at a hotel in Flour Bluff. Appellant claimed Jimenez accidently took "the wrong box" when he exited appellant's van. While waiting in the mall parking lot, appellant was surprised when the police officer approached him and asked him to walk to the back of the van. With regard to the quick movement he made with the cigarette box, appellant testified he could not even recall what gesture he made, and he claims the officers never asked for his consent to search his van. In addition, he explained he was never read his *Miranda* rights. Once the narcotics were discovered, he repeatedly told the officers present that the cocaine did not belong to him. According to appellant, Officer Zirbes pulled him away from the other officers and proceeded to yell in his face with "some remarks." In contrast to Officer Zirbes' story, appellant testified he never said he made a mistake or admitted the drugs belonged to him. He further explained to the officers he would not risk doing drugs.

---

[1] Fernando Jimenez was incarcerated at the time of appellant's trial.

Appellant's wife, Rosa Rodriguez, testified her husband did not tell her where he was going after he dropped her and their son off at the mall. She stated she did not put any drugs into the vehicle. Upon arriving at the scene, Rodriguez heard the officers yelling at her husband in a "menacing" tone. She emphasized appellant kept repeating he did not know the drugs were in the van and that the contraband did not belong to him.

Andrew Garcia, a local business owner, served as a character witness for appellant. He testified to appellant's reputation for truthfulness in the community at large.

## II. DISCUSSION

In his sole issue, appellant contends the evidence is insufficient to support his conviction.

### A. Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State*, No. PD-0068-11, 2012 WL 931980, at *1 (Tex. Crim. App. Mar. 21, 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). In *Malik v. State*, the court of criminal appeals articulated the standard for ascertaining what the "essential elements of the crime" are; "they are 'the elements of the offense as defined by the hypothetically correct jury charge for the case.'" *Johnson*, 2012 WL 931980, at *1 (quoting *Malik*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The hypothetically correct jury charge is one that at least

4

'accurately sets out the law, is authorized by the indictment, does not necessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240). The court of criminal appeals "described the law 'as authorized by the indictment' to be 'the statutory elements of the offense . . . as modified by the charging instrument[.]'" *Id.* (quoting *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)).

In a prosecution for possession of a controlled substance, the State must prove the accused exercised care, custody, control, or management over the substance and that the accused knew the substance was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010) (stating "'Possession' means actual care, custody, control, or management"); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006) (stating the accused must know the "matter possessed was contraband"). In *Evans*, the court of criminal appeals stated:

> Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. This is the so-called 'affirmative links' rule which protects the innocent bystander—a relative, friend, or even stranger to the actual possessor—from conviction merely because of his fortuitous proximity to someone else's drugs.

202 S.W.3d at 161–62 (footnote omitted). Relevant non-exclusive links tending to connect the accused to knowing possession include: (1) whether the accused was present when the search was conducted; (2) whether the contraband was in plain view; (3) whether the narcotic was in close proximity to and accessible by the accused; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the

5

accused possessed other contraband or narcotics when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused tried to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the accused either owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the accused's conduct indicated a consciousness of guilt. *Id.* at 162 n.12; *Isbell v. State*, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.).

The legal issue with respect to these "links" is "whether there was evidence of circumstances, in addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance.'" *Evans*, 202 S.W.3d at 162 n.9. "It is…not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Id.* at 162.

### B. Analysis

To prove possession, the State was required to show appellant: (1) exercised control, management, or care over the substance; and (2) knew the matter possessed was contraband. *Id.* at 161. Here, based on appellant's "furtive movement downward" and his remorseful demeanor following the drug discovery, a rational jury could have reasonably concluded appellant exercised care, custody, control, or management over the contraband. *See Kelley v. State*, 807 S.W.2d 810, 814 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (indicating furtive gestures can be a valid indicator of mens rea

when joined with additional information or other suspicious circumstances).

While appellant argues the State failed to produce any DNA, fingerprints, or photos specifically linking him with the narcotics, these missing links are not dispositive to a guilty verdict. Here, the weight of the evidence clearly showed appellant's connection to the drugs was more than fortuitous. *Evans*, 202 S.W.3d at 161–62. Appellant was seated in the driver's seat of the van and admitted to previously driving the van. At the time of the discovery, he was the only person in the van. Thus, he exercised dominion and control over the vehicle where the narcotics were located. Furthermore, appellant had the cigarette box containing narcotics in his hand when the officer approached. Thus, possession is clearly established, and whether appellant knew the contraband was inside the cigarette box is a question of fact that rests with the jury. A rational jury could reasonably conclude appellant knew the contraband was inside the cigarette box based on the aforementioned links. The number of links is irrelevant, and the jury must evaluate the logical force of all of the evidence, direct and circumstantial. *Id.* at 162.

The crux of appellant's argument is that if a law-abiding citizen gives another person a ride in his own vehicle, and the other person leaves narcotics in his car, then an innocent person can be found guilty of possessing the narcotics, even though he or she was unaware of the presence of the drugs in the vehicle. However, even though appellant testified the cocaine did not belong to him and he accidently obtained it through a friend, the jury is the sole judge of a witness's credibility and the weight of a witness's testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Thus, the jury may choose to believe or disbelieve all or any part of a witness's testimony. *See*

*id.* In this case, the jury chose to rely on Officer Zirbes's testimony and to disbelieve appellant's testimony.

Viewing the totality of the evidence in the light most favorable to the verdict, as this Court must, we conclude that a rational jury could have found beyond a reasonable doubt that appellant intentionally or knowingly possessed the cocaine. *See Jackson*, 443 U.S. at 319; *Evans*, 202 S.W.3d at 162 n.12. We hold the evidence is legally sufficient to support appellant's conviction. The sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2012.