

## NUMBER 13-11-00614-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ALLEN LEE HARDAWAY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 24th District Court
### Of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Garza**

A jury convicted appellant, Allen Lee Hardaway, of possession of more than one gram but less than four grams of cocaine, a third-degree felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (a), (c) (West 2010). The jury found two enhancement paragraphs "true" and assessed punishment at life imprisonment. *See*

TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2011).[1]  By one issue, appellant contends the evidence is insufficient to support his conviction.[2]  Because there is sufficient evidence to support the conviction, we affirm the judgment of the trial court.

## I.  BACKGROUND

While on patrol on June 28, 2010, Officer Paul Poulton of the Victoria Police Department heard a radio dispatch describing a vehicle that had recently left the scene of a disturbance.  Officer Poulton encountered a vehicle matching the description and followed it into the parking lot of an apartment complex.  Officer Poulton activated his emergency lights to conduct an investigative stop.  Rather than stopping immediately, the vehicle continued to travel to the far side of the complex and parked next to another vehicle.  Officer Poulton parked behind the vehicle and noticed that the driver, later identified as appellant, had exited the vehicle.  Officer Poulton ordered appellant to step back into his vehicle; instead, appellant shouted "Why? What did I do?"  Officer Poulton repeated the command several times and appellant stepped back into the vehicle.

Other officers arrived on the scene.  Appellant was removed from the vehicle and placed in handcuffs.  As Officer Poulton was speaking to appellant, Officer Joseph Felan noticed a pill bottle under the driver's side of the vehicle, directly beneath appellant's feet.  When questioned about the pill bottle, appellant responded that the pill

---

[1] This case is governed by the version of the statute prior to the most recent amendments, but those amendments are not material to the issues here, and we therefore cite to the current version of the statute.

[2] Appellant states his issue as "insufficient evidence to support a judgment of conviction *and a life sentence, contrary to the due process requirements of the Due Process provisions of the United States Constitution and the Constitution of the State of Texas*" (emphasis added).  In his brief, appellant raises no impropriety with the sentencing phase of his trial nor does he demonstrate how his due process rights have been violated.  Accordingly, the issue is inadequately briefed and we do not address it.  *See* TEX. R. APP. P. 38.1(i).

bottle was not his and that someone from the apartment complex had thrown it under his car when he drove up. The pill bottle contained crack cocaine.

Appellant initially falsely identified himself because he knew there was an outstanding warrant for his arrest. Upon learning appellant's true identity and confirming the outstanding warrant, the officers arrested appellant. As part of the investigation, the officers spoke with appellant's passenger, Charles McAfee, who denied that someone threw the pill bottle under the car. Officer Poulton testified there were no other persons in the area where appellant stopped and exited the vehicle.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

In reviewing the legal sufficiency of the evidence, we look at events occurring before, during, and after the commission of the offense, and we may rely on actions of the appellant that show an understanding and common design to do the prohibited act. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Each fact need not point directly and independently to the appellant's guilt, so long as the cumulative effect of all the incriminating facts is sufficient to support the conviction. *Id.*

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 307 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

To prove the unlawful possession of a controlled substance in this case, the State was required to prove that appellant (1) exercised care, control, or management over the cocaine, and (2) knew the substance was cocaine. *See Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011) (citing *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005)); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010) (defining "possession" to mean actual care, custody, control, or management). Cocaine is a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3) (D), 481.115(a). Because appellant was not in exclusive possession of the vehicle beneath which the cocaine was found, the State was also required to

4

prove beyond a reasonable doubt that appellant's connection to the cocaine "was more than just fortuitous." *See Blackman*, 350 S.W.3d at 594 (quoting *Poindexter*, 153 S.W.3d at 406). This is the "affirmative links" rule, about which the court of criminal appeals has stated:

> The "affirmative links rule" is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs. This rule simply restates the common-sense notion that a person—-such as a father, son, spouse, roommate, or friend—may jointly possess property like a house but not necessarily jointly possess the contraband found in that house. Thus, we have formulated the rule that "[w]hen the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband."

*Id.* at 594–95 (quoting *Poindexter*, 153 S.W.3d at 406) (footnotes and citations to authority omitted).

Courts have identified a non-exhaustive list of factors that may help to show an accused's affirmative links to a controlled substance, including (1) the accused's presence when a search is conducted, (2) whether the contraband was in plain view, (3) the accused's proximity to and accessibility of the narcotic, (4) whether the accused was under the influence of narcotics when arrested, (5) whether other contraband or narcotics were found in the accused's possession, (6) any incriminating statements the accused made when arrested, (7) whether the accused made furtive gestures or attempted to flee, (8) any odor of contraband, (9) the presence of other contraband or paraphernalia, (10) the accused's ownership or right to possess the place where the narcotics were found, (11) whether the place where the narcotics were found was enclosed, (12) whether the accused was found with a large amount of cash, and (13)

5

whether the conduct of the accused indicated consciousness of guilt. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). Although no set formula necessitates a finding of an affirmative link sufficient to support an inference of knowing possession, affirmative links are established by the totality of the circumstances. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). "The number of factors present is not as important as the logical force or the degree to which the factors, alone or in combination, tend to affirmatively link the accused to the contraband." *Bates v. State*, 155 S.W.3d 212, 217 (Tex. App.—Dallas 2004, no pet.); *see Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Mere presence at the location where drugs are found is insufficient, by itself, to establish possession. *Evans*, 202 S.W.3d at 162. However, presence or proximity, when combined with other evidence, either direct or circumstantial, may well be sufficient to establish that element beyond a reasonable doubt. *Id.*

### III. DISCUSSION

It is undisputed that the pill bottle containing the cocaine was found on the driver's side of the vehicle in plain view near where appellant exited and re-entered the vehicle. Officer Poulton testified that the pill bottle was "beneath the driver's feet." He further testified that the crack cocaine rocks were still moist, indicating that the pill bottle had not been underneath the vehicle very long. According to Officer Poulton, appellant behaved strangely when he was asked to return to the vehicle. Appellant's delay in returning to the vehicle gave him an opportunity to drop the cocaine under the vehicle. Appellant's claim that someone else threw the pill bottle under his car was contradicted by McAfee and by Officer Poulton's observations. *See Anderson*, 322 S.W.3d at 405

(noting that reconciliation of conflicting evidence is in jury's province). Further, appellant's failure to immediately stop the vehicle, his delay in returning to his vehicle, and his attempt to conceal his identity indicate consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12).

Reviewing the evidence in the light most favorable to the verdict, *see Blackman*, 350 S.W.3d at 595, we conclude a jury could reasonably find beyond a reasonable doubt that appellant's connection to the cocaine was more than just fortuitous. *See id.* at 596. We therefore hold that the evidence is legally sufficient to support appellant's conviction. We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
19th day of July, 2012.

7