

# NUMBERS 13-11-00557-CR; 13-11-00558-CR; and 13-11-00559-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTOPHER RIGGINS,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 130th District Court
### of Matagorda County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Christopher Riggins appeals three convictions: (1) possession with intent to deliver more than four grams of cocaine, a first-degree felony, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010); (2) possession of more than four ounces, but less than five pounds, of marijuana, a state-jail felony, *see id.* § 481.121; and (3) three

counts of bail jumping and failure to appear, *see* TEX. PENAL CODE ANN. § 38.10 (West 2011). The three offenses were tried together. The jury found appellant guilty of the three offenses and, upon finding enhancement allegations for the possession offenses to be true, assessed punishment as follows: (1) ninety-nine years' confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for possession of cocaine with intent to deliver; (2) ten years' confinement in the TDCJ-ID for possession of marijuana; and (3) eight years' confinement in the TDCJ-ID for bail jumping and failure to appear. The three sentences are to run concurrently. The jury also assessed a $10,000 fine for each conviction. By two issues, appellant argues that (1) the evidence was insufficient to support "possession";[1] and (2) the trial court erred by allowing the State to interject an improper argument during the guilt-innocence phase of trial. We affirm.

## I. BACKGROUND[2]

Sergeant Stephen Crow, a former investigator for the Matagorda County Sheriff's Office, testified that informants provided information that appellant was dealing drugs. While subsequently conducting surveillance, he observed appellant spending time at two residences: an apartment which appellant's girlfriend's sister rented; and a house which appellant's aunt and uncle owned.

---

[1] Appellant does not indicate which possession charge he is challenging, so we review the element of possession for both possession charges. *See infra*.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

An arrest warrant was issued, and search warrants were obtained to search both locations. On the day the police officers sought to execute the warrants, Officer Richard Morales of the Matagorda County Sheriff's Department saw appellant leaving the apartment in a vehicle at around midnight. Officer Morales intended to make contact with appellant, but appellant "took evasive action, [and was] trying to elude" the police officers who were following him. At some point, appellant abandoned the vehicle that he was driving and escaped on foot.

After appellant got away, the police officers decided to simultaneously execute the search warrants to prevent any spoliation of evidence. Sergeant Crow participated in executing the search warrant at the apartment. There, the police officers seized marijuana, crack cocaine, crack cocaine residue, digital scales, mail addressed to appellant, and a copy of appellant's cell phone contract. Officer Morales helped execute the search warrant at the house. There, the police officers found appellant hiding in a closet, in which they discovered a safe containing marijuana and a new Pyrex measuring cup. Officer Morales testified that appellant, after being fully advised of the arrest and search warrants, as well as having been advised of his rights, told the officers that "it's all his and that the girls had nothing to do with it." There were no "girls" at that residence, but there were two women at the apartment appellant left earlier and that was being searched: appellant's girlfriend, Terra Purpich, and her sister, Tiffany Salazar, who was the tenant of the apartment.

Purpich testified appellant made money from dealing drugs and even supplied her with marijuana. Salazar testified Purpich and appellant were staying at her apartment

3

during the days preceding the search warrant's execution.   According to Salazar, earlier on the day of the search, appellant was selling drugs out of her apartment bedroom.

## II.  SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant contends the evidence is insufficient to support his conviction.   Specifically, appellant challenges the sufficiency of the evidence to sustain the possession element as alleged in the indictment.   Because appellant does not indicate which possession offense he is challenging, we will review the sufficiency of the evidence of possession as to both offenses.[3]

### A.    Standard of Review

The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"   *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).   The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony.   *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)).   Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province.   *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)).   We must resolve any inconsistencies in the testimony in favor of the verdict.   *Id.* (citing *Curry v.*

---

[3] Because appellant contests only one element of the offense, this opinion is limited to an analysis of that issue.   *See* TEX. R. APP. P. 47.1.

4

*State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* To prove unlawful possession of a controlled substance, the State must prove that the accused (1) exercised care, custody, or management over the contraband; (2) was conscious of his connection with it; and (3) knew what it was. *See* TEX. PENAL CODE ANN. §§ 481.002(38), 481.112(a) (West 2010); *Utomi v. State*, 243 S.W.3d 75, 78 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

## B.    Discussion

Appellant's sufficiency challenge only relates to the element of possession. The evidence linking appellant to possession of crack cocaine and marijuana consisted of: appellant's admission that the drugs belonged to him and his exculpation of "the girls" at the apartment; marijuana that had been separated into small baggies found on a bedside table in the bedroom of the apartment where appellant was staying; marijuana from a drawer in the same bedroom; marijuana found with a box of plastic sandwich bags; digital scales in a cabinet in the apartment; a bag of crack cocaine seized from the apartment's bedroom; two bags of crack cocaine found in the kitchen cabinets of the apartment; residue of crack cocaine from a plastic bag in the apartment kitchen; a Pyrex measuring

5

cup, which was identified as something typically used for making crack cocaine, and which was found together with three bags of marijuana in the safe located in the closet at the house where appellant was found hiding; Sergeant Crow's testimony that he received information that appellant was dealing drugs; testimony from Purpich and Salazar that appellant dealt drugs; a copy of appellant's cell phone contract found at the apartment but addressed to the other residence, together with a cell phone bill discovered at and addressed to the other residence; and $429.35 in cash taken from appellant's person during booking, despite appellant being unemployed.

Appellant testified that he had no history of drug use or even contact with drugs. Appellant, however, later testified during cross-examination that he meant he was not involved with crack cocaine. He stated the reason he drove evasively while being followed by Officer Morales was because he was running for his life, thinking someone was trying to kill him. Appellant also declared, for the first time at trial, that the drugs were actually his cousin's. He denied incriminating himself, claiming he actually said, "I'm not going to let my uncle [who was at the house at the time of the search] go to jail for these drugs."

We defer to the jury with respect to weighing the credibility of appellant's testimony against the State's evidence. *See Anderson*, 322 S.W.3d at 405. Viewing the evidence in the light most favorable to the verdict, we hold that a rational jury, based on the foregoing evidence, could have found the essential elements of the crimes, including possession, beyond a reasonable doubt. *See Johnson*, 364 S.W.3d at 293–94. We overrule appellant's first issue.

6

## III. EXTRANEOUS-OFFENSE EVIDENCE

By his second issue, appellant argues the trial court erred by allowing the State to "interject argument during the guilt-innocence phase of the trial." Specifically, he complains that an assistant prosecutor was allowed to testify during rebuttal about appellant's prior manslaughter conviction.

We do not reach the merits of appellant's argument because any alleged error was not preserved for review on appeal. *See* TEX. R. APP. P. 33.1. Appellant offered no objection, and appellant acknowledges in his brief that the issue is unpreserved. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgments.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of March, 2013.

7