

# NUMBER 13-12-00175-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LAKIM MINTRELL GUILD,                                                Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

## On appeal from the 24th District Court of Jackson County, Texas.

# SUPPLEMENTAL MEMORANDUM OPINION ON MOTION FOR REHEARING

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Supplemental Memorandum Opinion on Motion for Rehearing**
**by Justice Longoria**

On February 28, 2013, the Court issued a memorandum opinion affirming

appellant's conviction for assault-family violence. *See Guild v. State*, No. 13-12-00175-

CR, 2013 Tex. App. LEXIS 1984 (Tex. App.—Corpus Christi Feb. 28, 2013, no pet. h.) (mem. op., not designated for publication). Appellant has now filed a motion for rehearing, arguing in three points that we erred in upholding his conviction for assault-family violence. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West 2011). In his first two points, appellant challenges the sufficiency of the evidence to prove his prior conviction in Louisiana for domestic abuse battery, which was used for purposes of enhancement. First, appellant argues that there is no evidence that the victim of the Louisiana offense was living with appellant at the time of the offense. Second, appellant argues that there was no evidence that the Louisiana offense involved bodily injury to the victim. In a third point, appellant argues that the Court reached an erroneous conclusion regarding his *Batson* challenge. *See Batson v. Kentucky*, 476 U.S. 79, 85 (1986). We issue this supplemental opinion to address these three points and to clarify the basis for our decision.

First, appellant is incorrect in asserting that the State was required to prove that the victim of the Louisiana offense was living with appellant at the time of the Louisiana offense. The State's burden was to prove that appellant committed the Louisiana offense against a person "whose relationship to or association with [appellant] is described by section 71.0021(b), 71.003, or 71.005 of the Texas Family Code." TEX. PENAL CODE ANN. § 22.01(b)(2)(A). As we noted in our original opinion, the State's evidence established that appellant committed the Louisiana offense of domestic abuse battery against "the person of another household member." *See Guild*, 2013 Tex. App. LEXIS 1984, at *18. Appellant argues that, under Louisiana law, a "household member" is defined to mean "any person of the opposite sex presently living in the same

2

residence or living in the same residence within five years of the occurrence of the domestic abuse battery with the defendant as a spouse, whether married or not." LA. REV. STAT. ANN. 35.3B(2). Appellant argues that Texas law is different because, under Texas law, the household relationship "requires living together at the time of the occurrence." We disagree.

Section 71.006 of the Texas Family Code specifically states that a "[m]ember of a household . . . includes a person who previously lived in a household." TEX. FAM. CODE ANN. § 71.006 (West 2008). Thus, contrary to what appellant argues, the Texas definition is broader than the Louisiana definition. Moreover, the State's evidence proved beyond a reasonable doubt that appellant committed the Louisiana offense against a person who was a member of his household under both Texas and Louisiana law. Accordingly, we overrule appellant's first point.

Second, appellant is incorrect in asserting that the State was required to prove that the Louisiana offense involved bodily injury. In our original opinion, we addressed the State's burden to prove a previous conviction for purposes of enhancing the offense of assault to the third-degree felony offense of assault-family violence. *See Guild*, 2013 Tex. App. LEXIS 1984, at *18 (citing TEX. PENAL CODE ANN. § 22.01(b)(2)(A)). We explained that the State's burden was to prove that the Louisiana conviction was for an offense that was "substantially similar" to an offense under Chapter 22, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 of the Texas Penal Code. *Id.* at *18–19 (citing TEX. PENAL CODE ANN. § 22.01(b)(2)(A), (f)(2)). In our analysis, we explained how the offense of battery under Louisiana law is substantially similar to assault under Texas law involving "intentionally or knowingly caus[ing] physical contact with another when

3

the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *Id.* at *19–20 (citing TEX. PENAL CODE ANN. § 22.01(a)(3)). This type of assault does not necessarily involve bodily injury. *See* TEX. PENAL CODE ANN. § 22.01(a)(3). On this basis, we concluded that the offenses were "substantially similar." *See Guild*, 2013 Tex. App. LEXIS 1984, at *20 (citing TEX. PENAL CODE ANN. § 22.01(f)(2)). In his motion for rehearing, appellant argues that we erred in our analysis because, at trial, the State argued that it had the burden to prove that the Louisiana offense involved bodily injury to the victim. Again, we disagree.

The Texas Court of Criminal Appeals has explained that "the sufficiency of the evidence in this context should be measured by the elements of the hypothetically correct jury charge for the enhancement, as defined by statute." *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000). A hypothetically correct jury charge is one that "accurately sets out the law." *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). As set forth above, Texas law recognizes a form of assault that does not necessarily involve bodily injury. *See* TEX. PENAL CODE ANN. § 22.01(a)(3). Appellant has not cited any precedent nor made any argument for deviating from the hypothetically correct jury charge based on the prosecution's erroneous statement of the law at trial. *See* TEX. R. APP. P. 38.1(i). Accordingly, we rely on the hypothetically correct jury charge that "accurately sets out the law." *Johnson*, 364 S.W.3d at 294. Appellant's second point is overruled.

In his third point, appellant argues that the Court reached an erroneous conclusion regarding his *Batson* challenge. *See Batson v. Kentucky*, 476 U.S. 79, 85 (1986). However, appellant's argument is premised on a misrepresentation of our

opinion.  According to appellant, we concluded that the "second step [of the *Batson* challenge process] was not satisfied."  However, in actuality, we held that the second step was satisfied because the prosecution gave a legitimate explanation for the strike and "no discriminatory intent was inherent in the explanation given for the strike."  *Guild*, 2013 Tex. App. LEXIS 1984, at *6.  Thereafter, we proceeded to the third step of the *Batson* challenge process, in which we concluded that, under the circumstances presented in this case, it was appropriate to defer to the trial court's determination of the "ultimate plausibility" of the State's race-neutral explanation.  *Id.* at *13.  Appellant argues that we "excused" the third step, but obviously, we did not.  Rather, we examined the entire record and determined that assessment of "the genuineness of the prosecutor's race-neutral explanation rested entirely on the credibility of the prosecutor, who was not cross-examined by appellant's trial counsel during the *Batson* challenge." *Id.*  We explained that "[i]t was the trial court's role to assess the credibility of the prosecutor" and that "[w]e cannot substitute our judgment for that of the trial court."  *Id.* Accordingly, there is no merit to appellant's third point, and it is therefore overruled.

For the foregoing reasons, appellant's motion for rehearing is denied.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of June, 2013.