**Affirmed and Opinion Filed February 5, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-11-01436-CR

**MICHAEL LOUIS LETT, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. M10-26256-H**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

A jury convicted Michael Louis Lett of indecent exposure. The trial court assessed his punishment at 180 days' confinement, probated for one year, and a $750 fine. In a single issue, appellant contends the evidence is insufficient to support his conviction. Because the dispositive issue is clearly settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

The complaining witness in this case was a woman studying to be a respiratory therapist. She was enrolled in a clinical rotation at Baylor Medical Center at Garland, also called Baylor Garland. Appellant was her instructor. Appellant was charged by information with exposing his

genitals and masturbating in the presence of the complaining witness "in a public medical center located in the 1300 block of Marie Curie Blvd., Dallas, Dallas County, Texas." However, the detective investigating the complaint against appellant testified:

Q. And she said this took place in a hospital?

A. Yes, ma'am. Baylor Garland hospital.

Q. Is that located in Dallas?

A. Dallas County, City of Garland.

Q. Okay. Is that also in Texas?

A. Yes, ma'am.

Thus, the evidence at trial established that the "public medical center" described in the information was located in the city of Garland, not Dallas. Garland is in fact located in Dallas County, Texas. And appellant acknowledges the street address given in the information is the correct street address for Baylor Garland hospital. Thus, the only error in the description of the location of the offense was the city in which the hospital was located. Appellant argues that "[b]ecause the State chose to plead that the offense occurred in Dallas, Texas, [it was] required to prove that it occurred in Dallas, Texas." In the absence of such proof, appellant contends, the evidence is insufficient to support his conviction.

We determine whether the evidence is sufficient to support a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. 2012). We identify the essential elements of the crime by looking to the hypothetically correct jury charge for the case. *Clinton v. State*, 354 S.W.3d 795, 799 (Tex. Crim. App. 2011). A hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of

- 2 -

proof or restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Appellant's sufficiency issue invokes the law of variance. A variance occurs when a discrepancy exists between the facts alleged in the charging instrument and the proof offered at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). The Texas Court of Criminal Appeals has held that—when faced with a sufficiency of evidence claim based upon a variance between the charging instrument and the proof—only a material variance will render the evidence insufficient. *Id.* at 257. Allegations giving rise to immaterial variances may be disregarded in the hypothetically correct jury charge, but allegations giving rise to material variances must be included. *Id.* To determine whether a variance is material, we ask whether the indictment informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial and whether the indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.* at 258.

In this case, appellant acknowledges that his appeal involves a non-statutory variance, because the municipality where an offense occurred is not an element of the offense of indecent exposure.[1] When a variance involves non-statutory allegations we tolerate "little mistakes," so long as they do not prejudice the defendant's substantial rights. *Johnson*, 364 S.W.3d at 295. We must be sure, though, that the proof at trial does not show an entirely different offense than the one alleged in the charging instrument. *Id.*

---

[1] The elements of the offense of indecent exposure are: (1) a person (2) exposes his anus or any part of his genitals (3) with intent to arouse or gratify the sexual desire of any person, and (4) he is reckless about whether another is present who will be offended or alarmed by his act. *State v. York*, 31 S.W.3d 798, 802 (Tex. App.—Dallas 2000, pet. ref'd); *see also* TEX. PENAL CODE ANN. §21.08(a) (West 2011). Appellant does not challenge the sufficiency of the evidence to support any of these elements.

Our review of the record in this case establishes that the variance in the name of the city in which the hospital was located was immaterial. The information included the correct street address, county, and state for the hospital. Appellant's defense was that the complaining witness fabricated the story she told about him exposing himself to her. This defense was not tied to the hospital's location in any way, and we see no evidence that the variance caused appellant any confusion in preparing his defense for trial. Moreover, the record is replete with references to "Baylor Garland" as the location of the alleged offense and the location of the practicum class taught by appellant. We envision no possibility of appellant's being prosecuted a second time for the same offense based on the variance. Because naming the incorrect city gave rise only to an immaterial variance in this case, it may be disregarded in the hypothetically correct jury charge. *See Gollihar*, 46 S.W.3d at 257. Appellant's sufficiency challenge does not address any essential element of the indecent-exposure offense. Accordingly we overrule his single issue.

We affirm the trial court's judgment.


DAVID LEWIS
JUSTICE


111436F.U05

- 4 -



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Michael Louis Lett, Appellant

No. 05-11-01436-CR     V.

The State of Texas, Appellee

On Appeal from the County Criminal Court
No. 7, Dallas County, Texas
Trial Court Cause No. M10-26256-H.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of February, 2013.

DAVID LEWIS
JUSTICE