

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1889-11

**DAVID LEN MOULTON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### CASS COUNTY

**KELLER, P.J., filed a concurring opinion.**

I agree that the trial judge was not required to instruct the jury on the specific manner and means of committing murder in this case. But I also believe that a trial judge is not required to instruct on the specific manner and means of committing murder *in any case*. In our recent opinion in *Johnson v. State*,[1] we explained:

> "[M]urder is a result-of-conduct crime. What caused the victim's death is not the focus or gravamen of the offense; the focus or gravamen of the offense is that the victim was killed. Variances such as this [regarding the method by which death is caused in a murder prosecution] can never be material because such a variance can

---

[1] 364 S.W.3d 292 (Tex. Crim. App. 2012).

never show an "entirely different offense" than what was alleged.[2]

If a variance can never be material, it can never render the evidence legally insufficient to support the conviction.[3] If the failure to prove an allegation cannot render the evidence legally insufficient to support the conviction, it is because the State is not required to prove the allegation.[4] And if "the State is not bound to prove such an allegation, the allegation should not be a part of the jury charge, because . . . the State is entitled to the broadest submission of its theories of liability that are authorized by the charging instrument and supported by the evidence."[5] Consequently, the jury charge need not ever specify the (non-statutory) manner and means by which a murder is committed or even that the manner and means is unknown.

With these comments, I join the Court's opinion.

Filed: March 6, 2013
Publish

---

[2] *Id.* at 298.

[3] *Id.* at 299.

[4] *In re State ex rel. Weeks*, Nos. AP-76,953 & AP-76,954, 2013 Tex. Crim. App. LEXIS 155, at 19-20 (Tex. Crim. App. January 16, 2013).

[5] *Id.*