KELLER, P.J.,
filed a concurring opinion.
I agree that the trial judge was not required to instruct the jury on the specific manner and means of committing murder in this case. But I also believe that a trial judge is not required to instruct on the specific manner and means of committing murder in any case. In our recent opinion in Johnson v. State,[1] we explained:
“[M]urder is a result-of-conduct crime. What caused the victim’s death is not the focus or gravamen of the offense; the focus or gravamen of the offense is that the victim was killed. Variances such as this [regarding the method by which death is caused in a murder prosecution] can never be material because such a variance can never show an “entirely different offense” than what was alleged.[2]
If a variance can never be material, it can never render the evidence legally insufficient to support the conviction.[3] If the failure to prove an allegation cannot render the evidence legally insufficient to support the conviction, it is because the State is not required to prove the allegation.[4] And if “the State is not bound to prove such an allegation, the allegation should not be a part of the jury charge, because ... the State is entitled to the broadest submission of its theories of liability that are authorized by the charging instrument and supported by the evidence.”[5] Consequently, the jury charge need not ever specify the (non-statutory) manner and means by which a murder is committed or even that the manner and means is unknown.
With these comments, I join the Court’s opinion.

. 364 S.W.3d 292 (Tex.Crim.App.2012).

. Id. at 298.

. Id. at 299.

. In re State ex rel. Weeks, 391 S.W.3d 117, 126 (Tex.Crim.App.2013).

. Id.