

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1917-11

### DAVID RAMOS, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE EIGHTH COURT OF APPEALS
## EL PASO COUNTY

**KELLER, P.J., filed a dissenting opinion.**

Appellant's capital-murder indictment alleged three non-statutory methods of committing the murder, all of which involved "shaking" the victim. Under our recent decision in *Johnson*, a non-statutory allegation such as "shaking" would not be considered in a review of the sufficiency of the evidence to establish murder.[1] But instead of murder, appellant was convicted of the lesser-included offense of manslaughter. He now contends that, because of Article 21.15 of the Code of

---

[1] *Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim. App. 2012) (stating that a variance between the pled and proved method by which a person is killed in a murder prosecution does not create a sufficiency question: "a variance could involve a non-statutory allegation that has nothing to do with the allowable unit of prosecution and, therefore, cannot be a basis for saying that the proved offense is different from the one that was pled").

Criminal Procedure, which concerns charging requirements for offenses like manslaughter, the "shaking" allegation should be considered in a sufficiency review.[2] For the reasons discussed below, I would dismiss appellant's petition as improvidently granted.

First, there is no variance between pleading and proof. The indictment alleged shaking, either alone or coupled with an impact; Dr. Shrode testified that shaking, coupled with an impact, was consistent with the injuries that caused the victim's death. This testimony was sufficient to satisfy the "shaking" allegation and is entirely typical of the kind of evidence usually produced to establish cause of death.

Second, Article 21.15 does not apply because, as the Court acknowledges, manslaughter was not alleged in the indictment.

Third, although *Johnson* was handed down after the court of appeals's decision in this case, the court of appeals's analysis and result are entirely consistent with it.[3]

Whether Article 21.15 affects a review of the sufficiency of the evidence may be a good question to resolve in an appropriate case, but the question is simply not in this case. Because the indictments do not allege recklessness, and there is no variance between pleading and proof, and the unpublished opinion from the court of appeals is consistent with our jurisprudence, we should dismiss the petition as improvidently granted. I respectfully dissent.

Filed: June 26, 2013
Publish

---

[2] *See* TEX. CODE CRIM. PROC. art. 21.15.

[3] *Ramos v. State*, 2011 WL 3715956, *4 (Tex. App.–El Paso August 24, 2011) (not designated for publication) ("In this case, the hypothetically-correct jury charge regarding the manslaughter offense would ask whether appellant recklessly cause the death of Danielle Ramos.").