

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00023-CR

Ricardo S. **MANCILLAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CR-0083B
Honorable Dick Alcala, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 7, 2014

AFFIRMED

Ricardo Mancillas appeals his conviction for robbery, challenging the sufficiency of the evidence and the amending of the indictment. We affirm the trial court's judgment.

### SUFFICIENCY OF THE EVIDENCE

In his first issue, Mancillas argues the evidence is insufficient to prove that he was the person who caused bodily injury to the complainant. Mancillas was charged with robbery based on the theft of the complainant's car from a gas station. To convict Mancillas of robbery, as charged in the indictment, the jury had to find beyond a reasonable doubt that, in the course of

committing theft with the intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly caused bodily injury to the complainant. TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011). "Bodily injury" is broadly defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West Supp. 2013). Relatively minor physical contact may constitute bodily injury if it amounts to more than mere offensive touching. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009); *Lane v. State*, 763 S.W.2d 785, 786–87 (Tex. Crim. App. 1989) (noting that no visible injuries on the body need appear to constitute bodily injury). The indictment, as amended, alleged that Mancillas caused bodily injury to the complainant, Delilah Ybarra, by striking her with his elbow during the course of the theft.

At trial, Ybarra testified that she was filling her car with gas at an Exxon station when a "white guy" walked up and told her they were going to take her car; he forced the keys out of her hand, causing a cut on her finger, before tossing the keys to "the Mexican guy." Ybarra testified "the Mexican guy" tried to move her out of the way in order to open the passenger door so she bit him on the back. In reaction to the bite, he "just swung his arm around and kind of hit me on the side of my head" and Ybarra "kind of stumbled back." At that point, "the Mexican guy" got into the passenger seat and "the white guy" drove the car away; when the car sped away, Ybarra fell down and sustained scrapes and bruising on her knees. At trial, Ybarra identified Mancillas as "the Mexican guy."

In arguing there is no evidence that his actions caused bodily injury to Ybarra, Mancillas cites to her testimony that she did not feel any pain at the time he swung his arm around and struck her in the head. Ybarra testified that, at the time Mancillas hit her in the head, "[i]t didn't cause me any pain," explaining "I couldn't feel nothing, I was just too determined." Ybarra did testify that she was "kind of like dazed" after Mancillas hit her in the head. She also testified that, although she did not feel pain at the time, she had a headache the next day, along with a sore knee,

and did not go to work. Ybarra identified Mancillas as the person who "elbowed me" shortly after the robbery as well as at the police station and in court. Based on Ybarra's testimony that Mancillas is the person who swung his arm around and hit her in the head, causing her to feel dazed, the jury could have found that Ybarra suffered physical impairment as an immediate result of the physical contact with her head. In addition, the jury could have reasonably inferred that Ybarra's headache the next day was caused by Mancillas' act of striking her in the head, thereby finding that she suffered pain as a result of the contact. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (jury may draw reasonable inferences from the basic facts to the ultimate facts). We conclude there is legally sufficient evidence that Mancillas caused bodily injury to Ybarra during the course of the theft. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

### AMENDMENT OF INDICTMENT

In his second issue, Mancillas argues that despite the granting of the State's motion to amend, the indictment was never effectively amended to change the means by which he caused Ybarra bodily injury from his "hand" to his "elbow;" therefore, the original indictment controls. Mancillas contends there is a material variance between the allegation in the original indictment that he used his hand to strike Ybarra and the proof at trial which showed he struck Ybarra with his elbow; therefore, the evidence is legally insufficient to support his conviction.

There are two types of variance between pleading and proof. One type of variance involves the statutory language that defines the offense, such as when a statute includes alternate methods of committing the offense and the indictment pleads one method but the State proves another unpled method. *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). This type of variance is always "material" and renders the evidence legally insufficient to support the conviction. *Id.* at 294-95. The second type of variance involves a non-statutory allegation that is

descriptive of the offense in some way, such as when the indictment pleads the offense was committed with a knife but the State proves a baseball bat was used. *See id.* at 294. The second type of variance involving a non-statutory allegation may be either material or immaterial. *Id.* at 295. Some variation between the pleading of a non-statutory allegation and the trial evidence is permitted and considered immaterial, but a variance that amounts to a failure to prove the offense alleged is material and is not tolerated. *Id.* (noting that "[w]hat is essential about variances with respect to non-statutory allegations is that the variance should not be so great that the proof at trial 'shows an entirely different offense' than what was alleged in the charging instrument").

Here, assuming without deciding that the original indictment controls, any variance between pleading and proof involves a non-statutory allegation describing the means by which Mancillas caused bodily injury, and is immaterial. Ybarra's testimony included statements that Mancillas hit her in the head when he swung "his arm" back and that he "elbowed" her in the head as compared to the original indictment's allegation that Mancillas hit her with his "hand." The evidence at trial does not prove that "an entirely different offense" was committed than what was alleged, merely different non-statutory means of committing the offense. *See id.* at 298 (holding variance between the charged act of "hitting the victim with his hand" versus the proved act of "throwing the victim against the wall" was immaterial in case involving aggravated assault-serious bodily injury). Accordingly, we overrule Mancillas' second issue.[1]

---

[1] We note that Mancillas failed to preserve his complaint that there is nothing in the record to show the indictment was effectively amended. *See* TEX. R. APP. P. 33.1(a). The record clearly shows Mancillas had actual notice of the nature of the State's amended allegation that he struck Ybarra with his "elbow," instead of his "hand," before trial commenced. Not only was Mancillas expressly informed by the court that the State's motion to amend had been previously granted, the record reflects that Mancillas, who represented himself, was given a copy of the indictment after the amended language was marked on its face. At no time did Mancillas express any question, concern, or objection to the amendment. *See id.*; *Barrera v. State*, 321 S.W.3d 137, 144–45 (Tex. App.—San Antonio 2010, pet. ref'd); *see also Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (defendant who chooses to represent himself at trial must comply with the same rules of evidence and procedure as licensed attorney and receives no special treatment).

Based on the foregoing reasons, we overrule Mancillas' issues on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH