**Opinion filed June 12, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00038-CR

_____

## DAVID BOCANEGRA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 4**
**Travis County, Texas**
**Trial Court Cause No. C1CR11205953**

## M E M O R A N D U M   O P I N I O N

David Bocanegra, Jr. appeals his conviction by a jury of assault-family violence. *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2013). Based on an agreement between Appellant and the State as to punishment, the trial court sentenced Appellant to confinement in the county jail for a term of 270 days. We affirm.

## I. *Background Facts*

Appellant was charged by information with assault-family violence. The information alleged that on or about April 7, 2011, Appellant intentionally, knowingly, and recklessly caused bodily injury to Garciana Flores, a family or household member or an individual with whom Appellant had a dating relationship, by pushing on or about her torso with his hand and by hitting her head with his hand. Appellant pleaded "Not Guilty" to the charge, and the case proceeded to trial.

Malinda McKenzie, a 911 operator for the Austin Police Department, testified that she received a call from Garciana Flores, at 1109 Gardner Cove, on April 7, 2011. In the recording of the call played for the jury, Flores can be heard telling the operator that Appellant punched her in the eye.

Officer Pircher of the Austin Police Department testified that he responded to Flores's 911 call on April 7, 2011. When he arrived at 1109 Gardner Cove, Officer Pircher observed Appellant and Flores standing in the front yard. Flores was crying, and her right eye appeared "puffy," "purplish," and "almost swollen shut."

Appellant told Officer Pircher that Flores was his girlfriend and that she lived at the house with him. Appellant stated that he and Flores had been arguing about the fact that Flores had taken his vehicle without his permission. Appellant told her to get her things and leave the house. Appellant claimed that he was attempting to push Flores, who was holding a small child, out of their bedroom when he unintentionally swung open the door, which accidentally struck her right eye.

Flores provided Officer Pircher with a different version of events.[1] Flores acknowledged that she and Appellant had been arguing about the fact that she took his car without his permission, but she claimed that Appellant had pushed her, spit in her face, and struck her right eye with his right fist. Officer Pircher stated that Flores's injuries were consistent with her story.

Grace Bocanegra, Appellant's sister-in-law, gave Officer Pircher a third version of events. Grace told Officer Pircher that she saw Appellant and Flores arguing in the doorway of their bedroom before Flores closed the door to prevent Appellant from entering the room. Grace stated that Appellant then began pushing on the door from the hallway, and although she did not see it happen, she believed Flores was hit in the eye as Appellant tried to swing open the bedroom door in order to get into the bedroom. Officer Pircher noted that he found Grace's story to be inconsistent because both Appellant and Flores had told him that they were in their bedroom, with the door closed, when they began arguing.

Officer David Silva, with the Austin Police Department, testified that he also responded to the 911 call at 1109 Gardner Cove on April 7, 2011. When he arrived at the scene, Officer Silva noticed that Flores's right eye was swollen and bruised. Flores told Officer Silva that Appellant pushed her, spit on her, and punched her in the eye for taking his car without his permission. Officer Silva determined that an assault had occurred, and Appellant was arrested.

Officer Silva also took photographs of Flores's injuries. The photographs, which showed bruising and swelling to Flores's right eye, were shown to the jury. Officer Silva confirmed that the pictures showed injuries consistent with a fist

---

[1]Officer Pircher and other witnesses were permitted to testify to statements made by Flores at the scene after the trial court ruled that the statements fell under the excited utterance hearsay exception and that Appellant had forfeited his right to a confrontation objection.

having hit Flores's eye and stated that the only thing that could have caused the injuries was a fist.

Austin-Travis County EMS Paramedic David Leclere testified that he assessed Flores's injuries on April 7, 2011, and determined that she appeared to have been hit in the right eye with a "round" object. Leclere stated that Flores told him that Appellant struck her in the face with his closed fist.

Grace testified that she observed Appellant and Flores fighting over a car on April 7, 2011. Grace explained that the car belonged to Appellant and that he did not let anyone drive it. Grace claimed that Appellant was trying to get into his bedroom to get his keys when Appellant opened the bedroom door, which accidentally struck Flores in the face. Grace admitted that this was merely an assumption and that she did not actually see how Flores sustained her injuries.

The jury also heard several phone calls that Appellant made while in jail. In the phone calls, Appellant can be heard admitting that he hit Flores, asking others to convey threatening messages to her, and assuring others that she would not press charges.

## II. *Issues Presented*

Through two points of error, Appellant contends (1) that the evidence at trial was legally insufficient to sustain his conviction and (2) that the trial court erred when it denied his request for a defense-of-property instruction in the jury charge.

## III. *Standard of Review*

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could

4

have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

We review a trial court's decision not to include a defensive issue in a jury charge for an abuse of discretion. *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

IV. *Analysis*

A. *Sufficiency of the Evidence*

In his first point, Appellant contends that the evidence presented at trial was legally insufficient to sustain his conviction of assault-family violence. Appellant claims that the State provided only hearsay evidence to support the allegation that he hit Flores on the head and that the State failed to present any evidence to support the allegation that he pushed Flores "on the torso."

After an extensive hearing, the trial court found that Appellant had forfeited his right to make a confrontation objection to testimony regarding what Flores said immediately after she sustained her injuries on April 7, 2011. Given that finding, Appellant is now estopped from complaining about the hearsay evidence on appeal. *See Gonzalez v. State*, 195 S.W.3d 114, 117 (Tex. Crim. App. 2006) (recognizing that the doctrine of forfeiture by wrongdoing is based on the principle that any tampering with a witness estops the tamperer from making an objection based on the results of his own chicanery).

We next turn to Appellant's complaint that the State presented no evidence to support the allegation that he pushed Flores "on the torso." The information in this case charged Appellant with the single offense of assault-family violence, and the State alleged that Appellant committed that offense through two specific acts.

5

The State was not required to prove both of the acts alleged in the information, as the charge given to the jury stated that a guilty verdict could be returned based on a finding that Appellant committed either of the specific acts. *See Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim. App. 1987) (finding that, when a general verdict is returned and the evidence supports a finding under any of the paragraphs submitted, the verdict will be applied to that paragraph); *see also Johnson v. State*, 2010 WL 5118133, at *2–3 (Tex. App.—Eastland Dec. 16, 2010), *aff'd*, 364 S.W.3d 292 (Tex. 2012) (legal insufficiency challenge, alleging variance, is not sustained unless "material" variance between charging instrument and proof at trial). Even if we assume, without deciding, that the State failed to present evidence that Appellant pushed Flores on or about the torso, Appellant's conviction may be upheld so long as sufficient evidence supported the alternative allegation that he hit Flores on the head.

In the 911 call she made on April 7, 2011, Flores told the operator that Appellant punched her in the eye. Flores also told Officer Pircher and Officer Silva that Appellant punched her in the eye. The photographs Officer Silva took of Flores's injuries showed bruising and swelling to Flores's right eye, and Officer Silva stated that the only thing that could have caused the injuries was a fist.

Leclere testified that Flores appeared to have been hit in the right eye with a "round" object. Leclere also stated that Flores told him that Appellant had struck her in the face with his closed fist on that day. When pressed by Appellant's attorney, Leclere acknowledged that it was remotely possible, but unlikely, that Flores's injuries had been caused by a door that swung open and struck her face.

Having reviewed the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found, beyond a reasonable doubt, that Appellant committed the offense of assault-family violence when he hit Flores in the face with his hand. Although Grace told a conflicting version of events at trial,

6

the jury was free to disbelieve her testimony. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992) (finding that the trier of fact may accept or reject any or all of the testimony of any witness). Appellant's first point of error is therefore overruled.

### B. *Denial of Requested Instruction*

In his second point, Appellant argues that the trial court erred when it denied his requested jury charge instruction on the issue of defense of property. *See* TEX. PENAL CODE ANN. § 9.41(a) (West 2011). Appellant claims that he was entitled to the instruction because there was some evidence that he used force against Flores to terminate her unlawful interference with his access to his car keys.

We review a trial court's decision not to include a defensive issue in a jury charge for an abuse of discretion, and we view the evidence in the light most favorable to the defendant. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006); *Wesbrook*, 29 S.W.3d at 122. If a defensive theory is raised by evidence from any source and a charge is properly requested, it must be submitted to the jury. *Shaw v. State*, 243 S.W.3d 647, 662 (Tex. Crim. App. 2007). A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief. *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007).

Defense of property, like other Chapter 9 defenses, justifies conduct that would otherwise be criminal. *See VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex. App.—Austin 2005, no pet.) (addressing self-defense). Section 9.41(a) of the Texas Penal Code provides that "[a] person in lawful possession of . . . tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate . . . unlawful interference with the property."

In order to raise the issue of defense of property, a defendant must admit violating the statute under which he is being tried and then offer a statutory justification for his otherwise criminal conduct. *See Shaw*, 243 S.W.3d at 659 (finding that a defensive instruction is appropriate only when the defendant's defensive evidence essentially admits to every element of the offense). Accordingly, a defendant is not entitled to a jury instruction on defense of property if, through his own testimony or the testimony of others, he claims that he did not perform the assaultive acts alleged or that he did not have the requisite culpable mental state, or both. *See VanBrackle*, 179 S.W.3d at 715.

Here, Appellant was charged with intentionally, knowingly, or recklessly causing bodily injury to Flores by pushing on or about her torso with his hand and by hitting on or about her head with his hand. For the evidence to have supported submission of an instruction on defense of property, Appellant first had to admit that he committed the charged offense. Appellant not only failed to make such an admission, he expressly denied using his hand to push Flores or hit her on the head.[2] Instead, he argued that Flores's injuries occurred after he accidentally swung the bedroom door open, which accidentally struck her in the face.

Viewing the evidence in the light most favorable to Appellant, we conclude that the trial court did not abuse its discretion when it failed to provide the requested instruction. Given that he denied the allegations against him at trial, Appellant was not entitled to a defense-of-property instruction. *See Shaw*, 243 S.W.3d at 659; *VanBrackle*, 179 S.W.3d at 715. Accordingly, Appellant's second point of error is overruled.

---

[2]Although Appellant did not testify, his version of the incident was introduced through Officer Pircher's testimony. Appellant's arguments were presented to the jury through his attorney.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

June 12, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.