ACCEPTED
14-14-00687-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/23/2015 11:05:17 AM
CHRISTOPHER PRINE
CLERK

No. 14-14-00687-CR

IN THE

FOURTENTH COURT OF APPEALS

STATE OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/23/2015 11:05:17 AM
CHRISTOPHER A. PRINE
Clerk

_____

**GERALD GERROD DARBY,** *Appellant*

**v.**

**THE STATE OF TEXAS,** *Appellee*

_____

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause Number 1384358

_____

**APPELLANT'S BRIEF**

_____

Joe David Wells
State Bar No. 90001904
PO Box 2064
Houston, Texas 77252
Tel (281) 410-8778
Fax (832) 201-0467

ATTORNEY FOR APPELLANT

Oral Argument Requested

## NOTICE OF ALL INTERESETED PARTIES

Pursuant to TEX. R. APP. P. 38.1(a), the following persons are interested parties:

<u>Appellant</u>
Gerald Gerrod Darby

<u>Attorneys for Appellant</u>
Mr. Joe David Wells (on appeal)
P.O. Box 2064
Houston, Texas 77252
(281) 410-8778

Mr. Craig Bundick (at trial)
8123 BoJack Drive
Houston, Texas 77040
(713) 553-1544

<u>Trial Judge</u>
The Honorable Brad Hart
230th District Court
1201 Franklin
Houston, Texas 77002

<u>Attorneys for State</u>
Ms. Danielle Nettles (at trial)
Ms. Lauren Bard (at trial)
Ms. Kristina Daily (at trial)
Mr. Alan Curry (on appeal)
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5800

## **TABLE OF CONTENTS**

*Page*

Notice of All Interested Parties . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Table of Contents  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Table of Authorities  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Statement of the Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Point of Error Presented  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Summary of the Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

TRAP 9.4(i)(3) Certificate of Compliance  . . . . . . . . . . . . . . . . .  16

# TABLE OF AUTHORITES

*page*

*Brooks v. State*, 323 S.W.3d 893 (Tex.Crim.App.2010)　　　　12

*Cantu v. State*, 738 S.W.2d 249, 252 (Tex. Crim. App. 1987)　　　　10

*Fisher v. State*, 887 S.W.2d 49 (Tex.Crim.App.1994)　　　　13

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979)　　　　12,13

*Johnson v. State*, 364 S.W.3d 292 (Tex.Crim.App. 2012)　　　　13

*Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243 (1977).　　　　10

*Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375 (1972)　　　　10

*Simmons v. U. S.*, 390 U.S. 377, 88 S.Ct. 967 (1968)　　　　10

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

## STATEMENT OF THE CASE

Appellant Gerald Gerrod Darby was charged by indictment with the felony offense of Burglary of a Habitation with Intent to Commit Theft in the 230th District Court of Harris County, Texas, the Honorable Brad Hart presiding. (CR p.11). Appellant's charge was enhanced with two prior felony convictions, an Assault On A Public Servant out of the 336th District Court in Grayson County from 2009 and a Burglary Of A Habitation out of the 232nd District Court in Harris County from 2011. (*Id*). Appellant's first trial by jury ended in a mistrial on February 12, 2014. (CR p.104). On August 13, 2014, appellant was convicted following a second trial by a jury. (CR p.168). The jury assessed punishment at 62 years confinement in the institutional division of the Texas Department of Criminal Justice. (*Id*). Appellant timely filed a notice of appeal. (CR p.171). This Court has jurisdiction pursuant to Tex. R. App. P. 26.2. Appellant requests oral argument in this case.

# POINTS OF ERROR PRESENTED

I.      Appellant was denied due process by a suggestive identification.

II.     There was insufficient evidence for the jury to find beyond a reasonable doubt that appellant committed the offense of burglary of a habitation with intent to commit theft.

III.    There was insufficient evidence for the jury to find beyond a reasonable doubt that the enhancement paragraph in the indictment alleging a previous felony conviction in Grayson County, Texas is true.

## STATEMENT OF FACTS

On the morning of April 15, 2013, complaining witness, Alejandro Panjoj-Moralez, was asleep in his apartment when he was awakened by a loud noise in his living room. (RR IV p.21-22). When he entered his living room, he saw that two men had broken into his apartment. (*Id*). One of the men was wearing a red t-shirt with a cap on sideways and was standing in front of Mr. Moralez's laptop computer. (RR IV p.23). Mr. Moralez was only able to see the backside of this man's face. (RR IV p.35). His view of this man was brief, lasting only 4 to 7 seconds. (RR IV p.35-36). He was not able to see the other man's face because he was crouching. (RR II p.10). Mr. Moralez then went back into his bedroom and tried to wake up his brother who was staying with him. (RR IV p.24). When he returned to his living room, he noticed that the two men were gone, that his front door was broken and his laptop computer was gone. (*Id*).

Deyanira Socorro was babysitting at her apartment across from Mr. Moralez on the morning of April 15, 2013. (RR V p.9). A man knocked on her apartment door asking for a person who did not live at that apartment. (RR V p.9-10). Ms. Socorro looked through the peep hole in her door and told him he was mistaken. (*Id*). When she turned around, Ms. Socorro heard a loud noise in the hallway outside her apartment. (RR V p.10). Ms. Socorro looked through the peep hole again and saw a different man than the one who knocked on her door running

7

down the hall. (RR V p.10). She did not notice what this man was wearing, only that he was darker complected than the one who had knocked on her door earlier. (RR V p.10-11). Ms. Socorro then contacted the apartment management. (RR V p.11). Ms. Socorro did not see the faces of either man she saw outside her door. (RR V p.17). She was only able to describe them by skin tone. (RR V p.15).

The management from the apartment complex arrived and called the police. (RR IV p.30). It took the police 20 minutes to arrive. (RR IV p.31). Forty to sixty minutes after telling the police what happened, they returned to Mr. Moralez's apartment with appellant in the backseat of their patrol car. (*Id*). The police asked Mr. Moralez to identify the man in the back of the patrol car. (*Id*). Mr. Moralez identified the appellant as the man he saw in his apartment. (*Id*).

Mr. Moralez testified that appellant was the only person in the patrol car and the only person shown to him for identification. (RR IV p.32 & 37). Mr. Moralez did not recall any admonishments being read to him prior to the identification. (RR II p.7). He was never shown a photo spread with the appellant. (RR II p.13). According to Mr. Moralez, the police did not tell him he was not obligated to identify anyone or that the person who burglarized his apartment may or may not be in the patrol car. (*Id*).

## SUMMARY OF THE ARGUMENT

First, appellant was identified through a suggestive show up that denied him of due process. Second, this suggestive show up identification is the only evidence supporting appellant's conviction. This identification alone is insufficient to support a conviction for Burglary of a Habitation. Third, the State failed to prove the correct county for one of the prior convictions listed in the first enhancement paragraph of the indictment. The State's failure to prove the enhancement paragraph as pled is a material variance between the indictment and the proof that entitles appellant to a new trial as to punishment.

# ARGUMENT

## I. Appellant was denied due process by a suggestive identification.

A court will invalidate an in court identification when it follows a pretrial procedure which was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification". *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971 (1968). It is the likelihood of a misidentification from a suggestive identification that may violate due process. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 382 (1972). Unnecessary suggestiveness alone, however, does not automatically require the exclusion of the out of court identification procedure. *Id.* The central question is whether, "under the totality of the circumstances", the identification was reliable even though the confrontation procedure was suggestive. *Id*; *see also Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

> "Among the considerations we examine in viewing the totality of the circumstances and the likelihood of misidentification are the five factors set out in *Neil v. Biggers*, supra and reaffirmed in *Manson v. Brathwaite*, supra: (1) opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; (5) and the length of time between the crime and the confrontation."

*Cantu v. State*, 738 S.W.2d 249, 252 (Tex. Crim. App. 1987).

The totality of the circumstances surrounding appellant's identification make it unreliable. First, the show up identification of appellant was impermissibly suggestive. He was presented by himself in the back of a patrol car for identification by the police. (RR IV p.32 & 37). Appellant was the only person shown to Mr. Moralez for identification. (*Id*). He was never shown any photo arrays from which to pick appellant. (RR II p.13). Mr. Moralez recalls no admonishments being read to him prior to his identification of appellant. (RR II p.7).

Second, the facts surrounding appellant's show up do not support a reliable identification. Mr. Moralez's view of the intruders in his apartment was very limited. He only saw the backside of one intruder's face, the man he claims is the appellant, for 4 to 7 seconds. (RR IV p.35-36). His attention during this 4 to 7 seconds was affected by his efforts to avoid detection by the intruders in his apartment. This is reflected in the poor detail given in his description of the intruders. (RR IV p.23).

Given these facts surrounding appellant's identification and the suggestive nature of the show up, appellant was denied due process. The admission of the show up and the in court identification that followed denied appellant of a fair trial.

**II.** **There was insufficient evidence for the jury to find beyond a reasonable doubt that appellant committed the offense of burglary of a habitation with intent to commit theft.**

The standard for sufficiency of the evidence in criminal cases was established by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Texas Court of Criminal Appeals has characterized the *Jackson v. Virginia* standard as follows: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex.Crim.App. 2010), citing *Jackson v. Virginia*, 443 U.S. at 319. The standard set forth in *Jackson v. Virginia*, "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks* at 912.

Mr. Moralez was the only witness able to identify the appellant. Mr. Moralez identification of appellant is tainted by the suggestive nature of the out of court identification. According to Mr. Moralez, he was shown only the appellant for identification. (RR IV p.32 &37). Mr. Moralez does not recall any admonishments from the police prior to his viewing of appellant in the back of the

patrol car. (RR II p.7). Appellant was sitting by himself in the back of a patrol car when he was "picked out". (RR IV p.32 & 37).

There is no evidence supporting appellant's conviction other than Mr. Moralez identification. The laptop stolen from Mr. Moralez apartment was not in the possession of appellant when he was detained and was never recovered. (RR V p.73). The other man that Mr. Moralez saw in his apartment was never arrested or identified. The State produced no finger prints, DNA or other forensic evidence incriminating appellant at trial.

The only evidence supporting appellant's conviction is a suggestive identification. This evidence alone is insufficient to support a conviction for burglary of a habitation beyond a reasonable doubt.

**III.    There was insufficient evidence for the jury to find beyond a reasonable doubt that the enhancement paragraph in the indictment alleging a previous felony conviction in Grayson County, Texas is true.**

The *Jackson v. Virginia* standard "must be applied to the evidence and to a correct charge that corresponds to the indictment allegations." *Fisher v. State*, 887 S.W.2d 49, 53 (Tex.Crim.App.1994). The verdict comes from the jury's determination of the evidence in light of the instructions and law given in the charge. *Id.* The indictment is directed to the defendant for notice and jurisdiction

requirements. *Id.* It is the charge that convicts. *Id.* The sufficiency of the evidence is measured by the charge that was given. *Id.*

Variances between the allegations pled in the charging instrument and the proof at trial can be classified into three categories. *Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim.App 2012). "First, a variance involving statutory language that defines the offense always renders the evidence legally insufficient to support the conviction (i.e. such variances are always material)." *Id.* "Second, a variance involving a non-statutory allegation that describes an "allowable unit of prosecution" element of the offense may or may not render evidence legally insufficient, depending upon whether the variance is material (i.e. such variances are sometimes material)." *Id.* "Finally, other types of variances involving immaterial non-statutory allegations do not render the evidence legally insufficient." *Id,* 299.

For non-statutory allegations, some variance between pleading and proof is tolerated. *Id*, 295. "We will tolerate little mistakes that do not prejudice the defendant's substantial rights but we will not tolerate a variance that really amounts to a failure to prove the offense alleged". *Id.* The Court of Criminal Appeals gave the following example to illustrate the type of non-statutory variance that would not be tolerated:

"For example, in a murder prosecution, the victim's name need not be proved with exactness, but the State must prove that the victim alleged in the indictment is the same person as the victim proved at trial. If the State has alleged the murder of 'Dangerous Dan' but has proved, instead, the murder of 'Little Neill', then the State has proved a different murder than it has alleged, and an acquittal is required. *Id.*

The State attempted to prove the enhancement allegations by introducing certified copies of the judgments from appellant's prior convictions. (RR VI p.13-14 and RR VII Ex. 10). The State's proof shows a conviction for assault on a public servant in the 336th District Court in Fannin County, not Grayson County as alleged in the indictment. (*Id*). Proof of the correct jurisdiction where an enhancement offense occurred is a material element. Failure to prove the correct county for an enhancement paragraph is a material variance between the indictment and the proof at trial. This material variance renders the evidence of appellant's first enhancement paragraph in the indictment insufficient. As a result, appellant is entitled to a new trial as to punishment.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court reverse the judgment and sentence in this case and enter an order of acquittal in his favor or, in the alternative, a remand to the trial court for a new trial.

Respectfully submitted,

/s/ Joe David Wells
Joe David Wells
State Bar No. 90001904
P.O. Box 2064
Houston, Texas 77252
Tel (281) 410-8778
Fax (832) 201-0467

ATTORNEY FOR APPELLANT

# CERTIFICATE OF SERVICE

I, Joe David Wells, do certify that a true and correct copy of this Appellant's Brief was delivered to the Harris County District Attorney's Office by leaving a copy with the Clerk of this Court for deposit in the Harris County District Attorney's box.

/s/ Joe David Wells
Joe David Wells

# TRAP 9.4(i)(3) CERTIFICATE OF COMPLIANCE

I, Joe David Wells, do certify that this document complies with Texas Rule of Appellate Procedure 9.4(i)(3) and has a word count of 3,006 words.

/s/ Joe David Wells
Joe David Wells