

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00183-CR

ANDREW WALTER PETTIS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 66,617-E, Honorable Douglas Woodburn, Presiding

February 24, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

A jury convicted appellant Andrew Walter Pettis, Jr. of bodily injury robbery, a second degree felony,[1] and on finding an enhancement paragraph to be true, assessed punishment at confinement in prison for twenty-five years and a fine of $500.[2]

---

[1] TEX. PENAL CODE ANN. § 29.02(a)(1),(b) (West 2011).

[2] On the finding of a prior felony conviction, other than a state jail felony, punishment was enhanced to a first degree felony. TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2014).

Sentence was imposed accordingly. Through a single issue on appeal appellant argues the evidence was insufficient to support his conviction.

## Background

While shopping in an Amarillo drug store, an off-duty police officer was notified by store employees that appellant left the store without paying for a razor. In the parking lot, the officer identified himself as a police officer and ordered appellant to stop. Appellant was non-cooperative, and struggled with the officer when he tried to apprehend him.

During the struggle, appellant elbowed the officer in the ribs, and struck him in the head, causing pain and knocking off his glasses. A finger on the officer's left hand also was injured. He described it as "hurt[ing] quite a bit." The officer also scraped a knee in the fray. Appellant slipped the officer's grasp and escaped but was arrested later after the officer identified him from police photographs.

The indictment alleged in part that appellant "did then and there, while in the course of committing theft of property and with the intent to obtain or maintain control of the property, intentionally, knowingly or recklessly cause bodily injury to [the officer] by striking him with his hand." The jury found appellant guilty and assessed the punishment noted.

## Analysis

Through his only issue, appellant contends the evidence was insufficient to support his conviction. He argues the record presents a material variance between the

indictment's allegation that appellant caused bodily injury by striking the officer with his hand and proof at trial that he injured the officer in some other manner.

We review the sufficiency of the evidence under the familiar standard of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). So doing, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements for the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319. The essential elements of the crime are "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Johnson v. State,* 364 S.W.3d 292, 294 (Tex. Crim. App. 2012) (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Johnson,* 364 S.W.3d at 294 (quoting *Malik,* 953 S.W.2d at 240). The law authorized by the indictment is "the statutory elements of the offense . . . as modified by the charging instrument." *Johnson,* 364 S.W.3d at 294 (quoting *Curry v. State,* 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)). However, "a hypothetically correct charge need not incorporate allegations that give rise to immaterial variances." *Johnson,* 364 S.W.3d at 294 (quoting *Gollihar v. State,* 46 S.W.3d 243, 256 (Tex. Crim. App. 2001)).

A variance occurs when there is a discrepancy between the allegations in the indictment and the proof offered at trial. *Gollihar,* 46 S.W.3d at 246.

3

A variance in pleading and proof can occur in two different ways. First, a variance can involve the statutory language that defines the offense. This can happen when a statute specifies alternate methods by which an offense could be committed, the charging instrument pleads one of those alternate methods, but the State proves, instead, an unpled method. For example, the retaliation statute makes it a crime to threaten a "witness" or "informant." The first type of variance occurs if the State pleads only "witness" in the charging instrument and proves only the unpled element of "informant" at trial. Second, a variance can involve a non-statutory allegation that is descriptive of the offense in some way. For example, the charging instrument pleads "Mary" as the victim, but the State proves "John" at trial. Or the charging instrument pleads the offense was committed with a knife, but the State proves at trial that a baseball bat was used.

*Johnson,* 364 S.W.3d at 294.[3]

A person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011). "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission or an immediate flight after the attempt or commission of theft. *Id.* at § 29.01(1). "Bodily injury" means physical pain, illness or impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2014).[4]

---

[3] In *Johnson,* the indictment alleged the defendant committed aggravated assault by causing serious bodily injury. It was further alleged the defendant hit the victim with his hand or twisted her arm with his hand. The victim testified the defendant threw her against a wall, causing her to fall and break her arm. The Court of Criminal Appeals held that the variance involved a non-statutory type of allegation. 364 S.W.3d at 293, 298.

[4] The Penal Code definition of bodily injury encompasses even relatively minor physical contact if it constitutes more than offensive touching. *Laster v. State,* 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). Bodily injury is sufficiently proved by direct evidence that the victim experienced pain. *Id.*

Robbery by causing bodily injury is a result-of-conduct offense. *Garfias v. State,* 424 S.W.3d 54, 60-61 (Tex. Crim. App. 2014) (citing *Landrian v. State,* 268 S.W.3d 532, 536 (Tex. Crim. App. 2008)). The gravamen or focus of the offense is thus the infliction of bodily injury, not the particular means used to inflict the injury. *Garfias,* 424 S.W.3d at 60-61. Describing the same characteristic of another result-of-conduct offense, the offense of murder, in *Johnson* the Court of Criminal Appeals explained:

> [A] variance could involve a non-statutory allegation that has nothing to do with the allowable unit of prosecution and, therefore, cannot be a basis for saying that the proved offense is different from the one that was pled. "Stabbing with a knife" and "bludgeoning with a baseball bat" are two possible ways of murdering Dangerous Dan, but they do not constitute separate offenses. These methods of committing murder do describe an element of the offense: the element of causation. But murder is a result-of-conduct crime. What caused the victim's death is not the focus or gravamen of the offense; the focus or gravamen of the offense is that the victim was killed. Variances such as this can never be material because such a variance can never show an "entirely different offense" than what was alleged.

*Johnson,* 364 S.W.3d at 298.

The State was required to prove that appellant caused bodily injury to the officer. It alleged he did so by striking the officer with his hand. The allegation is descriptive of an element of the offense, the causing of bodily injury, but a variance between the indictment and proof of the method bodily injury was inflicted is not material "because such a variance can never show an entirely different offense than what was alleged." *Johnson,* 364 S.W.3d at 298 (internal quotation marks omitted); *see id.* at 296-97; *see generally Young v. State,* 341 S.W.3d 417, 424 (Tex. Crim. App. 2011) (explaining in "'result of conduct' offenses, the jury must be unanimous about the specific result required by the statute").

5

Conclusion

Because the method of inflicting bodily injury is not an essential element of the offense here alleged, and its proof by the State is therefore not required by the hypothetically correct jury charge, our sufficiency analysis is not concerned with the variance appellant asserts.  It is immaterial.  We therefore overrule appellant's sole issue and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.