### FRED PATTERSON v. THE STATE.

No. 1933. Decided January 24, 1900.

**Malicious Mischief—Injury to Property—Evidence Insufficient.**

See opinion for evidence held insufficient to support a conviction for malicious mischief under article 791, Penal Code, where the prosecution was for injury to and not a destruction of property.

APPEAL from the County Court of Hunt. Tried below before Hon. R. D. THOMPSON, County Judge.

Appeal from a conviction of malicious mischief; penalty, a fine of $1.

The opinion states the case sufficiently.

No brief for appellant with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for malicious mischief. The indictment contains two counts, appellant being convicted under the first, which charges him with malicious mischief by piling and heaping up plows, scales, wheels, rubbish, and plunder of divers kind in a building of another, which is charged to be worth $100.

This prosecution was brought under article 791, Penal Code, which prescribes a punishment, among other things, against persons "who shall willfully or mischieviously injure or destroy any real or personal property of any description whatever, in such manner as that the injury does not come within the description of any of the offenses against property otherwise provided for by this Code." It is contended the evidence is insufficient to support the conviction. The State did not seek to show the destruction of property, and therefore must rely upon the clause of the statute in regard to injury. In our opinion, the evidence fails to show any injury. The State's evidence shows rubbish had been brought from the outside of a blacksmith shop, and stacked up to a height of six or seven feet; and an old reaper was placed in the back door with the tongue inside the shop. It took the owner half an hour to remove this rubbish. No witness testified to any injury other than as above stated. As we understand this statute, there must be some injury shown to the realty, which, under the indictment herein, would be the house. The evidence does not support the conviction, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*