# NO. 12-14-00160-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSHE LEESHEEN JOHNSON,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joshe Leesheen Johnson appeals her conviction for criminal mischief, for which she was assessed a sentence of confinement for two years. In one issue, Appellant argues that the evidence is legally insufficient to support her conviction. We affirm.

## BACKGROUND

Appellant was charged by indictment with criminal mischief causing pecuniary loss of $1,500 or more but less than $20,000, a state jail felony. She pleaded "not guilty," and the matter proceeded to a bench trial.

The evidence at trial showed that after Appellant was evicted from her apartment, she, her girlfriend Tiffany Hood, and her friend's thirteen-year-old son "John Doe" went to the apartment to retrieve some of Appellant's belongings. While they were there, Appellant and Hood broke windows, mirrors, and light and faucet fixtures before leaving.

Ultimately, the trial court found Appellant "guilty" of state jail felony level criminal mischief and assessed her punishment at confinement for two years. This appeal followed.

In Appellant's sole issue, she argues that the evidence is legally insufficient to support a finding that she committed the offense of criminal mischief. Alternatively, Appellant argues that the evidence is legally insufficient to support a finding that the pecuniary loss is over $1,500.

**Standard of Review and Governing Law**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the trier of fact's credibility and weight determinations, because the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Brooks*, 323 S.W.3d at 899; *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To prove Appellant guilty of state jail felony level criminal mischief in this case, the State was required to prove that she intentionally or knowingly damaged or destroyed the tangible property of Terri Allen without her effective consent, and that the amount of pecuniary loss is $1,500 or more but less than $20,000. *See* TEX. PENAL CODE ANN. § 28.03 (West 2011).

**Analysis**

In support of Appellant's contention that the evidence is insufficient, she argues that the only eyewitness is not credible, the amount of pecuniary loss observed by the eyewitness is less than $1,500, there is no evidence of certain manners and means of destruction and damage alleged in the indictment, and there is evidence that some of the damage was not a result of vandalism.

The indictment alleged in pertinent part as follows:

> [Appellant did] intentionally or knowingly damage or destroy tangible property, to-wit: an apartment unit located in the city of Lufkin, Texas, by pulling a dishwasher away from under a counter, pulling a faucet from a sink, breaking light bulbs, ceiling fans and fixtures with the defendant's hand or by striking the light bulbs, ceiling fans, and fixtures with a faucet fixture, by placing items in a clothes washer, by breaking windows with the defendant's foot, by creating a hole in a wall of the apartment unit by punching the wall with the defendant's hand or kicking the wall with her foot, by removing cabinet doors and drawers with the defendant's hand or hands, by pulling a thermostat fixture with the defendant's hands or by striking the thermostat fixture with a faucet fixture, by breaking a mirror with the defendant's hand or foot or with a faucet fixture, by damaging the threshold of the apartment unit by manner and means unknown to the grand jury without the effective consent of Terri Allen, the owner of said property, and did thereby cause pecuniary loss of $1,500 or more but less than $20,000 to the said owner.

Appellant's upstairs neighbor, Annette Caldwell, testified that Appellant called her on September 2, 2012. Appellant asked Caldwell if her belongings had been placed outside her apartment. Caldwell told her that nothing was outside, and Appellant said she would come and get her belongings the next day. When Caldwell left for work the next morning, Appellant's apartment was "still closed tight." When she came home that evening, the apartment was "tore up." She saw that the window was broken out, the door was left open, the light fixtures were broken, the dishwasher was "tore up," and there was debris all over the living room. Caldwell's boyfriend told her that he had seen Appellant there moving her things that day.

Doe testified that the day Appellant was moving out of the apartment, she came to his house to put some of her things in his mother's storage building. He then went with Appellant and Hood to get more things out of the apartment. When they arrived, Doe observed that there were some things broken and the apartment was in disarray. Appellant took some of her things out of the apartment and then went back inside. She and Hood began breaking things. They asked Doe to participate, but he refused. Doe saw Appellant break the sink handle in the kitchen, the bathroom mirror, and the windows. Appellant used the sink handle to break the bathroom mirror. Doe saw Hood break the lights off of the ceiling fan.

Terri Allen, the apartment complex manager, testified that she rented apartment 206 to Appellant in March 2012. Appellant soon became delinquent in paying her rent. A judgment evicting Appellant was rendered in July 2012. Allen received a writ of possession on August 30, 2012. On September 4, 2012, she sent Tracy Goodart, the man who performs maintenance for the complex, to the apartment to make it ready to rent. Goodart called Allen and told her that the apartment had been vandalized. Allen stated that she went to the apartment and it was "totally trashed." She saw that the glass from the front window was removed and shattered. She said it looked as though someone had broken all of the light fixtures with a bat or something similar. The thermostat was broken off of the wall. The dishwasher was torn out, open, and tilted onto the floor. The sink and washing machine had all kinds of trash stuffed into them. In the bathroom, the medicine cabinet was "completely busted" and glass was on the floor and in the bathtub. In one of the bedrooms, another glass was removed from a window and broken. There was a hole knocked into a wall. The front door and threshold were damaged. Allen and Goodart took pictures that were subsequently admitted at trial. Allen stated that no one had her permission to damage the apartment.

Allen further testified that she and Goodart compiled a list of the damages. Goodart got bids on the repairs, gave Allen an estimate, and charged her for the repairs. That list was admitted into evidence and reads as follows:

| | |
|---|---|
| Hole in Wall | $200 |
| New Kitchen Faucet | $120 |
| Removal of Garbage in Washer | $50 |
| New Dishwasher | $450 |
| New Thermostat | $75 |
| (3) Windows | $450 |
| New Light Fixtures & Ceiling Fans | $450 |

4

| | |
|---|---|
| Fronts to Cabinets (Kit. & Bathroom) | $250 |
| Medicine Cabinet | $200 |
| Front Door & Threshold | $375 |
| Trash Out | $250 |
| New flooring & removal | $1500 |
| Blinds | $35 |
| | |
| TOTAL DAMAGES | $4405.00 |

Allen testified that the estimate was a fair evaluation of the damage done to the apartment.

Goodart testified that when he walked into the apartment, he saw that the glass and some of the porcelain part of the ceiling fan light fixture were broken. He said that all of the light fixtures were broken and on the floor. The dishwasher was pulled out of the cabinet. Goodart noted that someone had to work to pull the dishwasher out because it was held in by screws. The washing machine was full of trash.

Goodart testified that a few days later, he did some restoration work at the apartment. He repaired and patched a hole in the wall. He removed the garbage. He replaced the thermostat, the kitchen faucet, the medicine cabinet mirrors, and all three windows. Goodart said that the carpet had to be replaced because of all the glass in it. He stated that vacuuming would not assure all of the glass was removed. Goodart stated that some of the damage to the door was caused by rain, but he repaired only the damage that was from vandalism. He said that the damage to the threshold was prior damage not caused by vandalism. Goodart had checked the dishwasher prior to Appellant's moving in, and it had worked. The trash inside the washing machine did not cause any damage to it. Goodart said that the list he and Allen prepared was a fair evaluation of the damage to the apartment.

Appellant first argues that the evidence of her guilt is insufficient because Doe's testimony is not credible. She contends that his testimony should not be considered because he is a troubled fifteen-year-old boy with bipolar disorder and a history of vandalism. She notes that Doe's testimony is inconsistent with his prior statement to the police in that he told the police he did not see Hood break anything, but testified that she broke the ceiling fan light fixture. Appellant asserts that no other witness corroborated Doe's testimony that she was at the apartment when the damage occurred. However, Appellant's neighbor testified, without objection, that her boyfriend told her he saw Appellant there that day. As is required of a reviewing court, we defer to the trial court's credibility and weight determinations. *See **Brooks***, 323 S.W.3d at 899; ***Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789. The trial court is the sole judge

of Doe's credibility and the weight to be given his testimony. *See id.* Based on our review of the record, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant intentionally or knowingly damaged or destroyed the tangible property of Terri Allen without her effective consent. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Johnson***, 871 S.W.2d at 186.

Appellant further argues that even if Doe's testimony is considered, the evidence supports a conviction for only misdemeanor level criminal mischief because the pecuniary loss Doe saw her cause is less than $1,500. She notes that Doe testified he did not see anyone pull the dishwasher out of its place, knock the thermostat off the wall, put a hole in the wall, or fill the washing machine with trash. Appellant also observes that Doe testified he saw Hood, not Appellant, break the lights off of the ceiling fan. Finally, she notes that Goodart testified the damage to the threshold was not a result of vandalism. Appellant therefore argues that the only damage the evidence supports her responsibility for is the damage to the windows, the mirror, and the sink handle. We disagree.

First, the evidence is sufficient under the law of parties to support all of the pecuniary loss caused by Appellant and Hood. Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by [her] own conduct, by the conduct of another for which [s]he is criminally responsible, or by both." TEX. PENAL CODE ANN. § 7.01(a) (West 2011). "A person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, [s]he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02 (West 2011). Appellant was charged with damaging an apartment unit in various ways. The evidence shows that Appellant and Hood aided each other in accomplishing this offense by each damaging different parts of the apartment unit. Therefore, Appellant is responsible for Hood's acts as well as her own. *See id.*

Regarding the damage that Doe did not see anyone cause, the evidence is sufficient to support an inference that Appellant was responsible for that damage as well. Doe testified that he believed the dishwasher was pulled out of its place, the hole was put in the wall, and the washing machine was filled with trash before he arrived with Appellant and Hood. Doe, Hood, and Appellant all testified that Hood and Appellant had been at the apartment before Doe, Hood,

6

and Appellant went there. The trial court could rationally infer that Appellant and Hood caused the prior damage on their previous trip to the apartment.

Even when questionable items are removed from the list of damages created by Allen and Goodart, the total pecuniary loss is over $1,500. Leaving trash in the apartment and in the washing machine, without causing damage, does not constitute criminal mischief. *See Patterson v. State*, 55 S.W. 338 (Tex. Crim. App. 1900). There was no testimony regarding blinds or cabinet fronts being damaged by vandalism. The testimony was conflicting regarding the damage to the threshold. But even without these items, the pecuniary loss is $3,445. Thus, the evidence is sufficient to prove that the pecuniary loss is greater than $1,500.

Finally, Appellant argues that the evidence is insufficient because it did not prove all of the manners and means alleged in the indictment. Specifically, Appellant observes Doe did not testify that Appellant used her foot to break the windows.

A "variance" occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). In a variance situation, the State has proven a defendant guilty of a crime, but has proven its commission in a manner that varies from the manner alleged in the indictment. *Id.* When faced with a sufficiency challenge based upon a variance between the indictment and the proof, only a material variance will render the evidence insufficient. *Id.* at 257.

A variance involving a nonstatutory allegation that does not help define the allowable unit of prosecution is never material. *Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim. App. 2012). What is essential about variances with respect to nonstatutory allegations is that the variance should not be so great that the proof at trial shows an entirely different offense from what was alleged in the indictment. *Id.* at 295.

The variance in *Johnson*—an aggravated assault case—involved the charged acts of "hitting the victim with his hand" and "twisting the victim's arm with his hand" versus the proved act of "throwing the victim against the wall." *Id.* at 298. The court of criminal appeals observed that the focus or gravamen of the offense was the victim and the bodily injury inflicted, not the cause of the injury. *Id.* The court noted that if the variance had been between different injuries pleaded and proved by the State, it might have been material. *Id.* But the act that caused the particular injury in the case did not help define the allowable unit of prosecution. *Id.* Thus, the court held that the variance was immaterial. *Id.*

7

In this case, the variance involves the nonstatutory allegation that Appellant used her foot to break the windows versus the proof at trial that she broke the windows in an unspecified way. The focus or gravamen of the offense charged is the damage to tangible property, not the particular way the damage was caused. *See* TEX. PENAL CODE ANN. § 28.03(a)(1).[2] Doe's testimony that Appellant broke the windows does not show an entirely different offense from the one alleged in the indictment—breaking the windows with her foot. Therefore, the allegation that Appellant used her foot to break the windows does not help define the allowable unit of prosecution, and the variance is immaterial. *See **Johnson***, 364 S.W.3d at 298. Because the variance is immaterial, it does not render the evidence insufficient. *See **Gollihar***, 46 S.W.3d at 257. Accordingly, Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered September 16, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] "A person commits an offense if, without the effective consent of the owner: (1) he intentionally or knowingly damages or destroys the tangible property of the owner[.] . . ."



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 16, 2015

NO. 12-14-00160-CR

**JOSHE LEESHEEN JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2013-0719)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*