**Opinion filed July 27, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00199-CR

_____

## DANNY ORTEZ DANIELS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR22923**

### M E M O R A N D U M   O P I N I O N

The jury convicted Danny Ortez Daniels of two counts of forgery, and the trial court assessed his punishment at confinement for twenty-four months in the State Jail Division of the Texas Department of Criminal Justice. In two issues on appeal, Appellant contends that (1) the evidence was legally insufficient to support his conviction and (2) there was a fatal variance between the allegations in Appellant's indictment and the evidence produced at trial. We affirm.

*Background Facts*

Calvin Fryar is the owner of Fryar Cattle Company. Fryar Cattle Company has a bank account at Citizens National Bank (CNB). Fryar is an authorized signatory for checks drawn on this account.

On November 22, 2013, Appellant entered CNB's branch at Walmart in Brownwood. He presented what appeared to be a check drawn on the account belonging to Fryar Cattle Company. This purported check appeared to be signed by Calvin Fryar and was made out to Appellant for $925.58. Appellant presented his Texas identification card to the teller and endorsed the back of the check. The teller accepted the check and paid Appellant the amount shown on the check.

Later that same day, Appellant entered CNB's main branch in Brownwood. He again presented what appeared to be a check drawn on the account belonging to Fryar Cattle Company. The purported check appeared to be signed by Calvin Fryar and was made out to Appellant for $930.98. Appellant presented his Texas identification card to the teller and endorsed the back of the check in her presence. The teller accepted the check and paid Appellant the amount shown on the check.

When Calvin Fryar later checked the bank statements for the account, he saw the two checks that Appellant cashed. Calvin Fryar did not sign any checks made out to Appellant, and he did not authorize anyone to do so on his behalf. A representative with CNB confirmed that the two checks that Appellant cashed were forgeries.

*Analysis*

In two issues, Appellant alleges that there was a fatal variance between the State's pleading and proof, which resulted in legally insufficient evidence to convict him of forgery. Specifically, he alleges that the evidence was insufficient because the evidence offered at trial established that he defrauded or harmed Fryar Cattle Company but the indictment alleged that he defrauded or harmed Calvin Fryar.

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

"[W]e measure the sufficiency of the evidence 'by the elements of the offense as defined by the hypothetically correct jury charge for the case.'" *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge is one that 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240). A variance occurs when there is a discrepancy

between the allegations in the indictment and the proof offered at trial. *Id.* In some instances, a variance between pleading and proof can render the evidence legally insufficient to support a conviction. *See Johnson v. State*, 364 S.W.3d 292, 295–99 (Tex. Crim. App. 2012). A variance that amounts to a failure to prove the statutory language that defines the offense as alleged in the indictment will not be tolerated. *Id.* at 295; *Byrd*, 336 S.W.3d at 246–48.

A person commits a forgery by passing when he passes a writing that has been completed so that it purports to be the act of another who did not authorize the act. TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i), (B) (West 2016). The person must have passed the writing with the intent to defraud or harm another. *Id.* § 32.21(b). The Penal Code defines "another" as "a person other than the actor." *Id.* § 1.07(a)(5) (West Supp. 2016). "Person" means "an individual, corporation, or association." *Id.* § 1.07(a)(38). The two counts in the indictment alleged that Appellant, "with intent to defraud or harm another, transfer[red] or pass[ed] to [Erica Laing/Citizens National Bank], a forged writing, knowing such writing to be forged, and such writing had been so made or completed or executed that it purported to be the act of Calvin Fryar." The application paragraphs in the jury charge essentially tracked these allegations. The indictment also included a photocopy of the front of each check. The checks identified the maker of each check as "FRYAR CATTLE CO. c/o Calvin Fryar," and they identified "Calvin Fryar" as the "Authorized Signature" of the maker. Each of the checks was made payable "TO THE ORDER OF Danny Daniels."

Appellant is essentially asserting that Calvin Fryar was the victim of the forgeries alleged in the indictment and that the evidence offered at trial established that Fryar Cattle Company, a separate legal entity, was the victim. Appellant relies on *Byrd* for this proposition. We disagree with Appellant's analysis.

4

*Byrd* is a theft case. 336 S.W.3d at 244. The information in *Byrd* alleged that the defendant appropriated the property of "Mike Morales," but the evidence offered at trial established that "Wal-Mart" owned the property. *Id.* Furthermore, Morales was never mentioned at trial. *Id.* The issue was whether the variance with respect to the name of the owner of stolen property was material. *Id.* at 245. The court noted that Morales was not an employee of the store, did not testify at trial, was not referenced by either party at trial, and seemed to have had no connection whatsoever to any Wal-Mart store. *Id.* at 254. The Court of Criminal Appeals overturned the theft conviction, noting that "when the discrepancy between the charging instrument allegation and the proof at a theft trial is that of an entirely different person or entirely different property, that discrepancy is not merely a variance, it is a failure of proof." *Id.* at 258.

This case is distinguishable from *Byrd*. *Byrd* involved a situation wherein the person alleged to be the victim of the theft had no connection to the alleged offense whatsoever. Unlike "Mike Morales" in *Byrd*, Calvin Fryar most definitely had a connection to the alleged forgeries. The indictment alleged that Calvin Fryar was the person whose signature was forged. As aptly noted by the Dallas Court of Appeals, when a check is drawn on a business account, "the maker had to be *someone* who was authorized to act on behalf of the company." *Graves v. State*, No. 05-91-01332-CR, 1993 WL 52532, at *3 (Tex. App.—Dallas Mar. 1, 1993, pet. ref'd) (not designated for publication) (emphasis added).

We conclude that there was no variance between the allegations in the indictment and the proof at trial. We first note that photocopies of the front of the checks were included in the indictment and that they identified Fryar Cattle Company as the owner of the bank account. Accordingly, there is no discrepancy between the allegations in the indictment and the proof at trial with respect to Fryar Cattle Company. Furthermore, the indictment did not allege that Calvin Fryar was

5

the victim of the forgeries. Instead, the indictment alleged that Appellant acted with the "intent to defraud or harm *another*" (emphasis added). Under the applicable definitions cited above, the evidence that Appellant intended to defraud or harm Fryar Cattle Company constituted evidence that Appellant intended to defraud or harm "another."

The State provided evidence that the signatures appeared to be Calvin Fryar's but that Calvin Fryar neither signed the checks nor authorized anyone to do so. The State also provided evidence that Appellant passed the forged checks as alleged in the indictment. Viewing all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. We overrule Appellant's first and second issues.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

July 27, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.